**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**MADISON KOWALSKI,** **Case No.: __________**

**Plaintiff,**

**v.**

**JACOB GOMBERG,**

**Defendant.**
**________________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MADISON KOWALSKI ("Plaintiff"), by and through undersigned counsel, sues Defendant, JACOB GOMBERG ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages, statutory damages, punitive damages, and injunctive relief arising from Defendant's publication on the internet of one or more video recordings depicting Plaintiff completely nude and being sexually violated while she was incapacitated by alcohol furnished to her while she was under the legal drinking age, and while she was unable to consent to any sexual contact, to any recording, or to any publication.

2. Plaintiff asserts claims under 15 U.S.C. § 6851, section 784.049(7), Florida Statutes, and the common law of Florida.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under the laws of the United States, namely 15 U.S.C. § 6851.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendant because Defendant is a resident of the State of Florida and because Defendant committed tortious acts within Alachua County, Florida, including the intentional publication of the recordings described herein into and within the State of Florida, causing injury to Plaintiff in the State of Florida.

6. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division, including the events depicted in the recordings at issue, which occurred in this District and Division, the

creation of those recordings in this District and Division, Defendant's publication of the recordings in a manner directed at Plaintiff and at her university community located in this District and Division, including, on information and belief, to audiences, platforms, groups, and persons associated with that community, and the harm suffered by Plaintiff in this District and Division.

## PARTIES

7. Plaintiff, Madison Kowalski, is an individual who, at all times material hereto, was and is a resident of the State of Florida, was a student attending a university in the State of Florida, and was an adult under twenty-one years of age.

8. Upon information and belief, Defendant, Jacob Gomberg, is an individual who, at all times material hereto, was and is a resident of the State of Florida, residing in Alachua County, Florida.

## GENERAL ALLEGATIONS

9. Plaintiff attended one or more social events hosted at fraternity houses.

10. At those events, although Plaintiff was under twenty-one years of age and could not lawfully be furnished alcohol, Plaintiff was provided alcoholic beverages.

11. As a result, Plaintiff became intoxicated and incapacitated, and she was unable to give consent, and did not give consent, to any sexual contact, to any recording of her person, or to any distribution or publication of any recording of her person.

12. While Plaintiff was incapacitated, she was subjected to sexual contact and sexual acts to which she did not consent and to which she could not legally have consented.

13. One or more video recordings were created, without Plaintiff's knowledge or consent, depicting Plaintiff completely nude, depicting her uncovered intimate parts, and depicting her being sexually violated while incapacitated (the "Recordings").

14. Plaintiff never consented to the creation, possession, disclosure, dissemination, or publication of the Recordings, and at all times had a reasonable expectation that no such recordings would exist, let alone be published.

15. Defendant thereafter obtained one or more of the Recordings. Defendant knew, or recklessly disregarded, that the Recordings depicted Plaintiff nude and being sexually violated while incapacitated, that the Recordings were created without her consent, and that Plaintiff had not consented to any disclosure or publication of the Recordings.

16. Beginning on or about November 1, 2025, Defendant, acting through one or more pseudonymous "burner" accounts, intentionally published one or more of the Recordings to one or more internet websites and platforms accessible to the public, and thereafter continued to publish, disseminate, and make the Recordings available to the public.

17. Plaintiff has identified Defendant as the person who owned, controlled, and operated the pseudonymous account described above, and Plaintiff alleges, on information and belief and based on her investigation, that Defendant personally published the Recordings through that account.

18. The Recordings contain and convey personal identification information of Plaintiff, including her face and other unique physical representations of Plaintiff, and, in addition or in the alternative, personal identification information of Plaintiff was contemporaneously published or disseminated with the Recordings in such a manner that a person viewing that information would reasonably know that it directly related to the person depicted in the Recordings.

19. Defendant's publication of the Recordings was made without Plaintiff's consent, contrary to Plaintiff's reasonable expectation that the Recordings, if they existed at all, would remain private, and was willful, malicious, and intentional.

20. Defendant's publication of the Recordings was accomplished using the internet, and therefore was made in or affecting interstate commerce and using means and facilities of interstate and foreign commerce.

21. The Recordings are not commercial pornographic content, their publication was not a disclosure made in good faith to law enforcement, in a legal proceeding, in medical education, diagnosis, or treatment, or in the reporting or investigation of unlawful content or unwelcome conduct, their publication was not reasonably intended to assist Plaintiff, and the Recordings are not a matter of public concern or legitimate public interest.

22. All of Defendant's conduct described herein began on or about November 1, 2025, and occurred after October 1, 2025, the effective date of chapter 2025-84, Laws of Florida, which amended section 784.049, Florida Statutes, to authorize an award of punitive damages to an aggrieved person.

23. Defendant's conduct is continuing in nature. The Recordings remain in existence and subject to further dissemination, publication, and republication, and Plaintiff has no adequate remedy at law to prevent their continued spread.

24. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, shame, anxiety, loss of dignity, damage to reputation, disruption of her education and daily activities, and other compensatory damages.

## COUNT I - SEXUAL CYBERHARASSMENT UNDER SECTION 784.049(7), FLORIDA STATUTES

25. Plaintiff realleges and incorporates by reference the allegations set forth in the Nature of the Action, Jurisdiction and Venue, Parties, and General Allegations sections above as if fully set forth herein.

26. The Recordings are sexually explicit images within the meaning of section 784.049(2), Florida Statutes, because they depict nudity, as defined in section 847.001, Florida Statutes, and because they depict Plaintiff being subjected to sexual conduct, as defined in section 847.001, Florida Statutes.

27. Defendant sexually cyberharassed Plaintiff within the meaning of section 784.049(2)(c), Florida Statutes, by intentionally publishing to one or more internet websites, and by intentionally disseminating through electronic means to other persons, sexually explicit images of Plaintiff without Plaintiff's consent and contrary to Plaintiff's reasonable expectation that such images would remain private.

28. The Recordings contain and convey the personal identification information of Plaintiff, including her face and other unique physical representations, and, in addition or in the alternative, Plaintiff's personal identification information was contemporaneously published or disseminated in such a manner that a

person viewing it would reasonably know that it directly related to the person depicted.

29. Defendant acted willfully and maliciously.

30. Plaintiff is an aggrieved person under section 784.049(7), Florida Statutes, and is entitled to all appropriate relief, including injunctive relief, monetary damages in the amount of $10,000 or her actual damages, whichever is greater, punitive damages, and her reasonable attorney fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for monetary damages in the amount of $10,000 or her actual damages, whichever is greater, punitive damages, reasonable attorney fees and costs pursuant to section 784.049(7), Florida Statutes, permanent injunctive relief requiring Defendant to remove, delete, and destroy all copies of the Recordings within his possession, custody, or control, and to cease and desist from any further dissemination, publication, or promotion of the Recordings or their content, pre-judgment and post-judgment interest as permitted by law, and such other and further relief as this Court deems just and proper, and demands trial by jury on all issues so triable.

## COUNT II - DISCLOSURE OF INTIMATE VISUAL DEPICTIONS UNDER 15 U.S.C. § 6851

31. Plaintiff realleges and incorporates by reference the allegations set forth in the Nature of the Action, Jurisdiction and Venue, Parties, and General Allegations sections above as if fully set forth herein.

32. The Recordings are intimate visual depictions of Plaintiff within the meaning of 15 U.S.C. § 6851(a)(5) because they are visual depictions, as defined in 18 U.S.C. § 2256(5), that depict the uncovered intimate parts of Plaintiff, an identifiable individual, and depict Plaintiff being subjected to sexually explicit conduct.

33. Plaintiff is an identifiable individual whose face, likeness, and other distinguishing characteristics are recognizable in the Recordings.

34. Defendant disclosed the Recordings in or affecting interstate or foreign commerce and using means and facilities of interstate or foreign commerce, namely the internet, without Plaintiff's consent.

35. Defendant knew that, or recklessly disregarded whether, Plaintiff had not consented to the disclosure of the Recordings.

36. Plaintiff never consented to the creation of the Recordings. Even if any consent to creation had existed, which it did not, such consent would not establish consent to distribution under 15 U.S.C. § 6851(b)(2).

37. Pursuant to 15 U.S.C. § 6851(b)(3)(A), Plaintiff is entitled to recover her actual damages or liquidated damages in the amount of $150,000, together with the cost of this action, including reasonable attorney fees and other litigation costs reasonably incurred, and to equitable relief, including a permanent injunction ordering Defendant to cease display or disclosure of the Recordings.

WHEREFORE, Plaintiff demands judgment against Defendant for her actual damages or liquidated damages in the amount of $150,000, whichever is greater, the cost of this action, including reasonable attorney fees and other litigation costs reasonably incurred, pursuant to 15 U.S.C. § 6851(b)(3)(A), permanent injunctive relief requiring Defendant to remove, delete, and destroy all copies of the Recordings within his possession, custody, or control, and to cease and desist from any further dissemination, publication, or promotion of the Recordings or their content, pre-judgment and post-judgment interest as permitted by law, and such other and further relief as this Court deems just and proper, and demands trial by jury on all issues so triable.

## COUNT III - INTRUSION UPON SECLUSION

38. Plaintiff realleges and incorporates by reference the allegations set forth in the Nature of the Action, Jurisdiction and Venue, Parties, and General Allegations sections above as if fully set forth herein.

39. Plaintiff had a reasonable expectation of privacy in her person, her body, her intimate activities, and her physical condition while she was intoxicated and incapacitated, and in any depiction of the same.

40. Defendant intentionally intruded, electronically, upon Plaintiff's solitude, seclusion, and private affairs by obtaining, possessing, viewing, and exploiting the Recordings, which captured Plaintiff nude and being sexually violated while incapacitated in settings and circumstances as to which Plaintiff had a reasonable expectation of privacy, without Plaintiff's knowledge or consent.

41. Defendant's intrusion would be highly offensive to a reasonable person. The procurement and exploitation of recordings of a nude, incapacitated woman being sexually violated is an invasion of privacy that no reasonable person would tolerate.

42. As a direct and proximate result of Defendant's intrusion upon Plaintiff's seclusion, Plaintiff has suffered damages, including severe emotional distress,

humiliation, shame, anxiety, loss of dignity, damage to reputation, and other compensatory damages.

43. Defendant's conduct was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, permanent injunctive relief requiring Defendant to remove, delete, and destroy all copies of the Recordings within his possession, custody, or control, and to cease and desist from any further dissemination, publication, or promotion of the Recordings or their content, pre-judgment and post-judgment interest as permitted by law, costs of suit, and such other and further relief as this Court deems just and proper, and demands trial by jury on all issues so triable.

## COUNT IV - PUBLIC DISCLOSURE OF PRIVATE FACTS

44. Plaintiff realleges and incorporates by reference the allegations set forth in the Nature of the Action, Jurisdiction and Venue, Parties, and General Allegations sections above as if fully set forth herein.

45. The Recordings and their content, including Plaintiff's nude body, her state of incapacitation, and the sexual acts committed against her, are private facts

concerning Plaintiff that were not matters of public record or public knowledge.

46. Defendant gave publicity to those private facts by intentionally publishing the Recordings to one or more internet websites and platforms accessible to the public at large, thereby communicating the matter to the public at large, or to so many persons that the matter was substantially certain to become public knowledge.

47. The publicized facts are not of legitimate public concern, and their disclosure would be highly offensive to a reasonable person of ordinary sensibilities.

48. As a direct and proximate result of Defendant's public disclosure of private facts, Plaintiff has suffered damages, including severe emotional distress, humiliation, shame, anxiety, loss of dignity, damage to reputation, and other compensatory damages.

49. Defendant's conduct was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, permanent injunctive relief requiring Defendant to remove, delete, and destroy all copies of the Recordings within his possession, custody, or control, and to cease and desist from any further dissemination, publication, or promotion of the Recordings or their content, pre-

judgment and post-judgment interest as permitted by law, costs of suit, and such other and further relief as this Court deems just and proper, and demands trial by jury on all issues so triable.

**COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

50. Plaintiff realleges and incorporates by reference the allegations set forth in the Nature of the Action, Jurisdiction and Venue, Parties, and General Allegations sections above as if fully set forth herein.

51. Defendant acted intentionally or recklessly. Defendant knew, or was substantially certain, that publishing on the internet recordings of Plaintiff completely nude and being sexually violated while incapacitated would cause Plaintiff severe emotional distress, and Defendant engaged in that conduct deliberately.

52. Defendant's conduct was outrageous. Publishing to the public internet recordings of a young woman, completely nude, being sexually violated while incapacitated by alcohol she was furnished while under the legal drinking age, and while she was incapable of consent, is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

53. Defendant's outrageous conduct caused Plaintiff severe emotional distress. Plaintiff has suffered and continues to suffer severe emotional distress,

humiliation, shame, anxiety, and loss of dignity of a severity that no reasonable person could be expected to endure.

54. As a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff has suffered damages, including severe emotional distress, humiliation, shame, anxiety, loss of dignity, damage to reputation, and other compensatory damages.

55. Defendant's conduct was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, permanent injunctive relief requiring Defendant to remove, delete, and destroy all copies of the Recordings within his possession, custody, or control, and to cease and desist from any further dissemination, publication, or promotion of the Recordings or their content, pre-judgment and post-judgment interest as permitted by law, costs of suit, and such other and further relief as this Court deems just and proper, and demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award Plaintiff compensatory damages against Defendant in an amount to be determined at trial;

(b) Award Plaintiff statutory monetary damages of $10,000 or her actual damages, whichever is greater, pursuant to section 784.049(7)(b), Florida Statutes;

(c) Award Plaintiff her actual damages or liquidated damages in the amount of $150,000 pursuant to 15 U.S.C. § 6851(b)(3)(A);

(d) Award Plaintiff punitive damages pursuant to section 784.049(7)(c), Florida Statutes, and where otherwise available statutory and Florida common law;

(e) Award Plaintiff her reasonable attorney fees and costs pursuant to section 784.049(7)(d), Florida Statutes, and 15 U.S.C. § 6851(b)(3)(A);

(f) Enter permanent injunctive relief requiring Defendant to remove, delete, and destroy all copies of the Recordings within his possession, custody, or control, and to cease and desist from any further dissemination, publication, or promotion of the Recordings or their content;

(g) Award Plaintiff pre-judgment and post-judgment interest as permitted by law; and

(h) Grant Plaintiff such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

By: *<u>/s/ Adam M. Ludwin</u>*
Adam M. Ludwin, Esq.
Florida Bar No. 101742
Ludwin Law Group, P.A.
85 S.E. 4th Avenue, Suite 108
Delray Beach, FL 33483
Tel: 561-455-4455
Primary Email: adam@ludwinlaw.com
Secondary Email: eservice@ludwinlaw.com